Haag v. The Board of Comm'rs of Vanderburgh Co.

------◆------

60 511
131 412

HAAG v. THE BOARD OF COMM'RS OF VANDERBURGH CO.

NUISANCE.—*Abatement of.*—*Action Against County Board.*—*Pest-House.*—In an action against a board of commissioners, for keeping and maintaining a nuisance, and to have it abated, the complaint alleged, that the defendant had erected and was maintaining a pest-house, on grounds belonging to the county, near a dwelling-house owned and occupied by the plaintiff, where persons infected with a malignant disease were treated therefor, by order of the defendant; that, by reason thereof, the premises of the plaintiff had become unhealthy, the plaintiff's family infected with the same disease, and the occupancy of the plaintiff's premises unsafe and unpleasant.

*Held,* on demurrer, that the complaint is sufficient, and the defendant liable.

From the Vanderburgh Circuit Court.

*J. M. Warren,* for appellant.

*H. A. Mattison, B. Hynes, A. Gilchrist* and *W. F. Smith,* for appellee.

NIBLACK, C. J.—This was an action by Catharine Haag, against the Board of Commissioners of Vanderburgh county, for keeping and maintaining a nuisance, to the damage of the plaintiff.

The complaint is in three paragraphs.

The first paragraph charges, that the defendant, on the 1st day of January, A. D. 1874, and on divers other days and times until the commencement of this suit, kept and maintained a pest-house for the treatment of small-pox patients, on a tract of land owned by the defendant, lying near the plaintiff's dwelling-house and premises, occupied by her and her family as their place of residence; that, by reason of the keeping and maintaining of said pest-house, the three sons of the plaintiff, of the ages of twenty-five years, twenty years and seventeen years, respectively, all residing with her as members of her family, and owing her service, became infected and diseased with small-pox, and afterward all died of that disease.

The second paragraph charges the defendant with keeping and maintaining said pest-house for the treatment of cases of small-pox, near the plaintiff's dwelling-house and appurtenances, as in the first paragraph mentioned; that, in consequence thereof, it became dangerous to the plaintiff and her family to occupy her said dwelling-house, and her property greatly depreciated in value; that, as a further consequence, her said sons became sick and diseased from, and died of, small-pox, and that she had to expend the sum of five hundred dollars for nursing, care and medical attention to them, during their sickness.

The third paragraph charges, that the defendant, having kept and maintained said pest-house, as aforesaid, burned the clothing taken from the bodies of persons who had died therein from, or had been treated in the same for, small-pox, at and near said pest-house, in the open air, and so near the plaintiff's dwelling-house and premises

connected therewith, that the offensive fumes, smells and smoke therefrom infused themselves into and around the plaintiff's premises, rendering her home disagreeable, offensive and dangerous; also, praying that said pest-house be declared a nuisance, and removed and abated.

Demurrers were sustained to each paragraph of the complaint, and, the plaintiff refusing to plead further, judgment was rendered against her, upon the demurrers.

Errors are assigned here upon the decision of the court upon the demurrers as above stated.

Our statute provides, that "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action." 2 R. S. 1876, p. 258, sec. 628.

Hilliard on the Law of Torts, 4th ed., vol. 1, p. 584, says:

"In general, it may be said, that any injury to lands or houses, which renders them useless or even uncomfortable for habitation, is a nuisance. Thus, in regard to offensive odors, it is said, the neighborhood has a right to pure and fresh air. And a smell need not be *unwholesome*, if it is offensive, and renders the enjoyment of life and property uncomfortable."

According to these definitions, it would seem to be beyond question, that the keeping and maintaining of a *pest-house*, and the matters connected therewith, as alleged in the several paragraphs of the complaint before us, constituted a nuisance, of which the appellant had a right, legally, to complain against some one. As to that, there is no contest here between the parties, and we need not make any further citation of authorities to sustain that view of the case.

The important and controlling question for us to decide here is, can the appellee be held liable, on the facts charged, for keeping and maintaining such a nuisance?

In our State, the boards of commissioners of the several counties are declared to be bodies corporate and politic, and, as such, may sue and be sued by their corporate name, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of law creating them and prescribing their several duties. 1 R. S. 1876, p. 350, sec. 5; *The Board of Commissioners of Floyd Co.* v. *Day*, 19 Ind. 450; *Hayward* v. *Davidson*, 41 Ind. 212.

It is also a well recognized rule, that municipal corporations are liable for torts in certain classes of cases, including nuisances, in the same manner as natural persons. 2 Hilliard Torts, pp. 273, 274, sections 2 and 3; Shearman & Redfield Negligence, sec. 120; 2 Dillon Municipal Corporations, sec. 766; 2 Addison Torts (Dudley & Baylies' ed.), p. 1,315.

Where, however, the act complained of is *ultra vires*— wholly outside of any of the powers possessed by the corporation—no such liability exists. *Browning* v. *The Board of Commissioners of Owen Co.*, 44 Ind. 11; 2 Dillon Munic. Corp., secs. 767, 768.

It is only where there has been some abuse of the authority conferred on the corporation, that an action can be sustained. Bigelow L. Cas. Torts, p. 477; *The City of Pekin* v. *Newell*, 26 Ill. 320.

The board of commissioners of a county is, in legal contemplation, the county, and in legal proceedings the county is only known through its board of commissioners, which has the care, supervision, management and control of the property of the county. *The State, ex rel., etc.,* v. *Clark*, 4 Ind. 315; *The Board of Commissioners of Posey Co.* v. *Saunders*, 17 Ind. 437; 1 R. S. 1876, p. 352, sec. 13.

The charge in the several paragraphs of the complaint under consideration is, in legal effect, therefore, that the appellee committed the grievances complained of on certain lands belonging to Vanderburgh county, in the pos-

session and under the control of the appellee, by a misuse and mismanagement of such lands.

Addison, *supra*, says: "A municipal corporation has no more right to maintain a nuisance than an individual would have, and for a nuisance maintained upon its property, the same liability attaches against a city, as to an individual."

We regard the rule thus laid down as correct in principle, and as equally applicable to a county.

Upon a careful review of the authorities, we are led to the conclusion, that the several paragraphs of the complaint are sufficient upon demurrer, and that the court erred in holding them otherwise.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.