Filed Oct. 15, 1885.

No. 12,078.

## SUMMERS v. THE BOARD OF COMMISSIONERS OF DAVIESS COUNTY.

COUNTY COMMISSIONERS.—*Negligence.*—*Physician for Poor.*—Where it does not appear that a board of commissioners did not exercise care and diligence in the selection of a physician for the poor, there can be no negligence.

SAME.—*Governmental Duties.*—*Principal and Agent.*—*Respondeat Superior.*— Where the duties delegated to officers elected by public corporations are political or governmental, the relation of principal and agent does not exist, and the maxim of *respondeat superior* does not govern.

SAME.—*Police Power.*—Counties are instrumentalities of government, and are not liable for injuries caused by the negligence of the commissioners in the selection of an unskilful or incompetent physician for the care of the poor.

From the Daviess Circuit Court.

*J. H. O'Neall* and *D. J. Hefron*, for appellant.

*J. W. Ogdon* and *M. F. Burke*, for appellee.

ELLIOTT, J.—The appellant alleges in her complaint that she fell and broke her leg; that she was poor and unable to procure a surgeon to attend her, and that James F. Parks was employed by the county to give medical and surgical attention to those who were too poor to employ physicians and surgeons. It is also averred "that James F. Parks, at the time he was so employed, was not a skilful physician having a knowledge of surgery, but, on the contrary, was unskilful in the profession, and had no knowledge of surgery, and was

incompetent to intelligently perform the duties of a physician and surgeon." It is further alleged that Parks was called upon to attend the appellant, and that his want of knowledge and lack of skill were such that he so unskilfully and improperly treated her as to do her great injury.

If, in any case, a recovery could be had against the county for the unskilful and improper manner in which a surgeon treated an injured poor person, it is clear that there can be none in this, for it does not appear that the board of commissioners did not exercise care and diligence in the selection of the physician for the poor. Where care and diligence are used in the selection of a physician the officers representing the county have done their duty, and where there is no breach of duty there can be no negligence. Mere errors in judgment do not constitute negligence.

We put our decision on broader grounds. The commissioners are public officers, charged with the performance of public duties, and in the performance of public duties they are not mere agents. It is true that officers occupying positions similar to those held by county commissioners are often spoken of as agents, and, in some cases, it is, perhaps, proper to treat them as agents. But even when such officers are regarded as agents, a broad and important difference is noted between public and private agents, and essentially different rules govern the two classes. *Newman* v. *Sylvester*, 42 Ind. 106; *Axt* v. *Jackson School Tp.*, 90 Ind. 101; *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464; *Platter* v. *Board, etc., post*, p. 360.

Where the duties delegated to officers elected by public corporations are political or governmental, the relation of principal and agent does not exist, and the maxim *respondeat superior* does not govern. This rule is illustrated in many cases. In the case of *Ogg* v. *City of Lansing*, 35 Iowa, 495 (14 Am. R. 499), it was held that a city was not liable for the negligence of persons placed in charge of a small-pox hospital which the city had established. It was said in the course of the opinion

in that case, that " It is impossible to conceive of the endless complications and embarrassments which such a doctrine would involve, and of the extent to which the public interests would thereby suffer.    It is safe to assume that if such were recognized as the law, no town would voluntarily assume corporate functions, and that every industrial and commercial interest would become paralyzed."

The recent case of *Bryant* v. *City of St. Paul*, 21 Central L. Jour. 33, is directly in point.    It was there held that a city was not liable for the misfeasance of members of the board of health selected by the city.    Many authorities are cited in the note appended to that case, and from them it appears that the doctrine that public corporations, to whose officers governmental powers are delegated, are not responsible for the negligence of their officers in the exercise of these governmental powers.    This doctrine has long prevailed in this State.    *Brinkmeyer* v. *City of Evansville*, 29 Ind. 187 ; *Robinson* v. *City of Evansville*, 87 Ind. 334 (44 Am. R. 770) ; *Faulkner* v. *City of Aurora*, 85 Ind. 130 (44 Am. R. 1) ; *City of Lafayette* v. *Timberlake*, 88 Ind. 330.

We have many cases holding that counties, townships and cities are instrumentalities of government, and it must, therefore, be true that where they act simply as the local government they act for the State.    As the State is not liable for the acts of its officers, neither can the public corporations be held liable for the acts of its officers in the exercise of political powers.    *Robinson* v. *Schenck*, 102 Ind. 307 ; *Justice* v. *City of Logansport*, 101 Ind. 326 ; *Kistner* v. *City of Indianapolis*, 100 Ind. 210.

There is no more reason for holding counties liable for the negligence of the commissioners in the exercise of the governmental functions delegated to them, than there is for holding cities liable for the acts of their firemen or police officers, or for holding counties and townships responsible for the torts of sheriffs and constables.    In providing for the care of the poor, a police power which resides primarily in the sover-

eignty is exercised, and neither the sovereign nor the local governing body to whom such a power is delegated is responsible for the misfeasance of its officers.

Judgment affirmed.

Filed Oct. 14, 1885.