## WILLIAMS v. THE CITY OF INDIANAPOLIS.

[No. 3,778.   Filed May 9, 1901.]

MUNICIPAL CORPORATIONS.— *Indianapolis City Charter.— Health.— City Hospital.—Malpractice of Hospital Surgeon.—Damages.*—The commissioners of the board of health of the city of Indianapolis act for the public, not as the agents of the municipality in its corporate character, and an action cannot be maintained by a patient of the city hospital against the city for damages for alleged malpractice of a hospital physician.

From the Marion Superior Court.  *Affirmed.*

*David S. Gooding,* for appellant.

*J. W. Kern* and *J. E. Bell,* for appellee.

Roby, J.—Appellant brought her action against the appellee for damages, averring that it was a duly incorporated city having power to maintain a hospital for the treatment of sick and disabled persons under such rules as it might prescribe; that certain ordinances were in force on June 8, 1898, by virtue of which appellant, having a broken arm, and being unable to pay for her treatment, was admitted to said hospital as a non-paying patient, and remained therein for eleven days; that her arm was negligently and unskilfully treated by one Frank Kirtner, who was employed in said hospital as a physician and surgeon, by reason of which she lost the use of her hand, arm, and wrist; that appellee negligently employed said surgeon, who was incompetent and unskilful, and by reason of his negligence appellant was damaged in the sum of $5,000.

The complaint is defective in several respects, but it is deemed best to decide the questions upon which the ultimate right depends, they having been argued by the parties.

The Indianapolis City Hospital is maintained and operated under the provision of a statute which is in part as follows:  "The department of health and charities shall be under the control of three commissioners, who shall be practicing physicians. * * * Said commissioners shall have charge of all matters relating to public health and the enforcement of laws in relation thereto; shall have charge of the city hospital, city dispensary and all other city charities."  §7060 Horner 1897.  "Said health commissioners are hereby authorized and directed to prepare ordinances for the protection of public health, * * *; for the removal and burial of the dead, the maintenance of an ambulance service for the speedy removal of the sick and needy persons; for the efficient regulation and management of the city hospital and the city dispensary, as may seem to them desirable, and the

destruction or fumigation of infected property or premises."
§7061 Horner 1897.

The duty thus imposed upon the board is governmental.
It acts for the public, not as the agent of the municipality in
its corporate character. *Town of Laurel* v. *Blue,* 1 Ind.
App. 128; *Board, etc.,* v. *Boswell,* 4 Ind. App. 133; *Fitch*
v. *Seymour Water Co.,* 139 Ind. 214, 47 Am. St. 258;
*Summers* v. *Board, etc.,* 103 Ind. 262, 53 Am. Rep. 512;
*Dodge* v. *Granger,* 17 R. I. 664, 24 Atl. 100, 15 L. R. A.
781, 33 Am. St. 901. There is therefore no liability on the
part of the city. *Williamson* v. *Louisville Industrial School,*
15 Ky. L. Rep. 629, 24 S. W. 1065, 23 L. R. A. 200.

Appellee's counsel rely very largely upon the case of
*Galvin* v. *Rhode Island Hospital,* 12 R. I. 411, 34 Am.
Rep. 675. That action was brought by a paying patient
against a hospital administered largely as a charity, and the
court seems to have treated the defendant as any other cor-
poration. In the case at bar the appellant is averred to
have been a non-paying patient, and the hospital, being
operated by the municipality, its exemption from liability
for damage rests upon broader grounds than that of a pri-
vate institution operated as a charity. The true doctrine,
upon facts parallel with those before the Rhode Island
court, is that "the damages should be paid out of the pocket
of the wrongdoer, and not from the trust fund." *William-*
*son* v. *Louisville Industrial School, supra; Fire Ins. Patrol*
v. *Boyd,* 120 Pa. St. 624, 15 Atl. 553, 1 L. R. A. 417, 6
Am. St. 745.

The judgment is affirmed.