SMITH, ADMINISTRATRIX, *v.* CITY OF GARY.

[No. 14,137. Filed December 9, 1931. As modified January 15, 1932.]

*Edward M. Bacoyn* and *Leo R. Diamond,* for appellant.

*Roswell B. Johnson* and *Moore, Long, Chudum & Johnson,* for appellee.

KIME, J.—This was an action by appellant against the city of Gary, Indiana, to recover damages for the death

of appellant's husband on July 21, 1926. Decedent's death resulted from injuries he received when he was struck by an automobile, which, it was alleged, belonged to appellee and was being driven in a negligent manner. There is a mass of pleadings, and to attempt to set them out would serve no useful purpose. Suffice it to say that eventually the case went to trial before a jury on a third amended complaint, to which had been filed five paragraphs of answer. Nine paragraphs of reply were then filed, and all save two were stricken out. At the close of plaintiff's case, the court instructed the jury to return a verdict in behalf of the defendant. This was assigned as one of the reasons in the motion for a new trial. The action of the court in overruling this motion is assigned as error. There were other attempted assignments, which, in view of the result that must be reached, are unnecessary to consider.

The appellant had placed one James Sherman on the stand, and, from the direct examination, it appeared that Sherman, the driver of the car that caused decedent's death, was acting under orders of the captain of police and was authorized to operate the car by the police department. This testimony was amplified by proper cross-examination, and also by questions from the court, the court's questions not being objected to in any way. It was conclusively shown by competent evidence that the driver of the car which killed decedent was a police officer engaged in public duty of protecting property, which is a governmental function.

Finding no reversible error, this cause is in all things affirmed on authority of *City of Lafayette* v. *Timberlake* (1882), 88 Ind. 330, which holds that police officers of a city are not its agents or servants, and, since they are not, it is legally impossible that there be any corporate responsibility for their negligence. This rule is also followed in *Hopewell* v. *State* (1899), 22 Ind. App. 489,

54 N. E. 127; *Summers* v. *Board, etc.* (1885), 103 Ind. 262, 2 N. E. 725, 53 Am. Rep. 512, and cases cited therein.

Judgment affirmed.