CITY OF FORT WAYNE *v.* HAZELETT

[No. 16,419.   Filed  November  27,  1939.]

*Walter E. Helmke,* and *George H. Leonard,* for appellant.

*R. D. Parrish, David T. Parrish,* and *Richard A. Smith,* for appellee

*Edward H. Knight, Michael B. Reddington, Oscar C. Hagemier, Robert C. Deardorff,* and *Julius C. Travis,* amicus curiae.

BRIDWELL, J.—This is an appeal from an award of the Industrial Board, granting compensation to appellee, the surviving widow of Thomas Hazelett, who was a member of the fire department of the city of Fort Wayne, and killed while in the discharge of his duty. It is assigned as error that' the award is contrary to law.

There is no controversy concerning the facts, it being stipulated that the deceased, on June 2, 1936, was in the service of appellant as a member of the city fire department, receiving as compensation for his services an amount in excess of $30.00 per week; that on that day he suffered an accidental injury while in the performance of his duty which resulted in his death; that at the time he was living with appellee, his wife, who was wholly dependent upon him for support; that on May 27, 1938, appellee filed her application for an adjustment of her claim for compensation, and prior to the filing thereof, a good faith effort had been made to adjust the matter in dispute, and the parties disagreed.

Appellant contends that a member of its fire department is not an ''employee'' within the meaning of that term as used in our Workmen's Compensation

Law, and this contention presents the question for determination, since the undisputed facts would require an affirmance of the award if the deceased was such an employee.

Section 73 of "The Indiana Workmen's Compensation Act of 1929," as amended by ch. 243 of the Acts of 1933, p. 1103, provides as follows:

"In this act unless the context otherwise requires: (a) 'Employer' shall include the state and any political division, any municipal corporation within the state, . . ., using the services of another for pay. (b) The term 'employee' as used in this act shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

A city desiring to provide and maintain a fire department for the protection of the lives and property of its inhabitants, and in the interest of the general welfare of the community, acts in its governmental capacity. *Union Traction Company of Indiana* v. *City of Muncie* (1923), 80 Ind. App. 260, 133 N.E. 160. In this jurisdiction, a city of the class to which appellant belongs does not have freedom of contract in selecting members of its fire department, and may not at its pleasure, hire or discharge such members. Its conduct in this respect is controlled and regulated by its charter (the general statutes under which it exists and functions) and not otherwise. When we examine these statutory provisions, we find that in cities of the second class (the class to which appellant, City of Fort Wayne, belongs) there has been established by legislative enactment certain

executive departments of city governments, among which is the department of public safety, under the charge of three commissioners to be appointed by the mayor of the city. By statutory authority, the control and regulation of the city fire department is vested in the said department of public safey, subject to the laws of the state, and the ordinances of the city; it (the department) may make and promulgate rules and regulations for the appointment of members of the fire force and for their government. The statute, however, requires "that such force shall be, as nearly as possible, equally divided politically, and no member thereof shall be dismissed except for cause." See Acts 1905, ch. 129, § 159, p. 219, § 48-6102. Burns R. S. 1939, (§ 11477 Baldwin's 1934.) Any member of the fire force "shall hold office" until removed by the commissioners of public safety, and may be removed "for any other cause other than politics," but only after notice and a hearing, if demanded, and the written reasons for the removal shall be entered upon the records of such board. It is further provided that "on the conviction in any court of a member of the said fire . . . force, of any criminal offense, or upon a finding and decision of the board that any such member has been, or is, guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare, or conduct unbecoming an officer or other breach of discipline, that such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay."

The statute also provides that upon any investigation of the conduct of any member of the fire force,

or upon the trial of any charge preferred against any such member, the board shall have the power to compel the attendance of witnesses, examine them under oath, and require the production of books, papers, and other evidence, and may issue subpoenas for witnesses, and cause the same to be served and executed in any part of the county where such city is located. In the event a member of the fire force is dismissed from such force, or is suspended therefrom for a period in excess of thirty days, such member is given the right to appeal to the circuit or superior court of the county in which such city is located, such appeal to be taken in the manner specified by the statute. On appeal, the trial may be by the court, or by a jury, and is to be heard *de novo,* and the parties may produce such evidence as desired relevant to the issues, and the court, upon such appeal, shall review the record and decision of such board, and thereafter render judgment, either affirming or reversing the decision of the board, or ordering that the same be modified as it shall find and adjudge to be proper. Either party to the appeal is given the right to petition for a rehearing within ten days after the decision. If such decision is reversed or modified, then such member of the fire force so appealing is entitled to receive any salary or wages withheld from such party pending such appeal. Change of venue, as in civil cases, is allowable, and any such appeal takes precedence over other pending litigation. (Acts 1935, ch. 282, § 1, p. 1395, § 48-6105, Burns' 1933 Supp.)

In view of the foregoing statutory provisions relating to the manner and method by which the services of a member of the city fire department of a city of the second-class must be secured, and may be dispensed with, we are of the opinion

that the deceased fireman in the instant case was not in the service of appellant under any contract of hire or apprenticeship, express or implied, and was not an "employee" of the city within the meaning of that term as used in our compensation law.

It is to be noted that members of departments of city governments are not included by any section of our compensation act as among those to be benefited thereby, and further that our legislature has made provisions for the protection and the payment of benefits to disabled members of a city fire department, and to their dependents in case of death of any such member. See §§ 48-6506, 48-6507, Burns' Ind. St. Anno. 1933, §§ 11828 and 11829, Baldwin's 1934.

Considering these statutes together, it would seem there was no intent on the part of the Legislature to include members of a city fire department among the persons entitled to the benefits of our Workmen's Compensation Law.

Appellee asserts to the contrary. She cites and relies upon a decision of our Supreme court (*City of Peru* v. *State ex rel. McGuire* [1937], 210 Ind. 668, 119 N.E. 151), a mandamus action brought by McGuire, a city fireman, as relator, to compel his reinstatement as a member of the fire force of the city of Peru, and for the payment of his salary for the period of time he was wrongfully discharged. It is true, the court said in that case, "the decisions of this court hold that the relator was merely an employee of the city, and not an officer," but the meaning of the term "employee" as used in our Workmen's Compensation Law was not before the court for consideration, and was in no way involved. Such decision can have no controlling force in the instant case. See *Kingan & Company* v. *Ossam* (1921), 190

Ind. 554, 131 N.E. 81.

For cases from other jurisdictions discussing the general subject-matter herein considered, and supporting the conclusion reached, see *McDonald* v. *City of New Haven* (1919), 94 Conn. 403, 109 Atl. 176, 10 A.L.R. 193; *City of Macon* v. *Whittington* (1931), 171 Ga. 643, 156 S.E. 674; *Schmitt* v. *Dooling* (1911), 145 Ky. 240, 140 S.W. 197; *Krug* v. *City of New York* (1921), 196 App. Div. 226, 186 N.Y. Supp. 727; *Adkinson* v. *City of Port Arthur* (1927), (Texas Civ. App.), 293 S.W. 191; *Johnson* v. *Pease* (1923), 126 Wash. 163, 217 Pac. 1005.

The award is reversed with instructions that same be vacated, and, the facts being stipulated and without dispute, thus presenting the controversy for decision as a matter of law, it is further ordered that the Industrial Board render its finding and award in favor of appellant.

STEVENSON, J., dissents.

## DISSENTING OPINION

STEVENSON, J., dissenting opinion.

I find myself unable to agree with the conclusion reached in the majority opinion. The sole question presented in this appeal is whether or not the appellee's husband, Thomas Hazelett, who was a member of the fire department of the city of Fort Wayne at the time of his death, was an employee of the city within the meaning of the Indiana Workmen's Compensation Act. The statute defining the terms "employer" and "employee" reads as follows:

"In this act unless the context otherwise requires: (a) 'Employer' shall include the state and any political division, any municipal corporation within the state, . . . ., using the services of another for pay. (b) The term 'employee'

as used in this act shall be construed to include every person including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer." Sec. 73, Indiana Workmen's Compensation Act of 1929, as amended by ch. 243 of the Acts of 1933, p. 1103.

It is clear from a reading of this statute that the term "employer" is broad enough to include the city of Fort Wayne and nobody can contend but that the city of Fort Wayne was "using the services" of Thomas Hazelett "for pay" at the time he met his death. An "employee" is defined as "to include every person in the service of another, under any contract of hire, written or implied." The majority opinion holds that the language is not broad enough to include a city fireman. It seems clear to me that a city fireman in the discharge of his duties is acting "in the service of" the city. If he is not under a contract of hire, then what is his relationship to the city? The majority opinion does not undertake to answer this question.

However, such a question was recently before our Supreme Court. The case of *City of Peru* v. *State, ex rel McGuire* (1936), 210 Ind. 668, 199 N.E. 151, was a case involving the right of the respondent to be restored to the position as fireman in the fire department in the city of Peru. His right to maintain the action in that case depended upon whether or not he was an officer of the city or an employee and the Supreme Court in that case said, "The decisions of this court hold that the relator was merely an employee of the city and not an officer." Proceeding further in the opinion, our Supreme Court stated (p. 673):

"Since the relator is declared by judicial determination in this state to be an employee merely, it is clear that he cannot maintain an action to mandate the municipality to pay to him the salary of the position during the time he was ousted, and when the salary was being paid to another. Mandate does not lie in such case.

"As above stated, his remedy was an action against the city for breach of contract of employment."

It will be noted from the above language that our Supreme Court has said that a city fireman who is wrongfully discharged may maintain an action against the city for "breach of contract of employment", yet in the face of this language, the majority opinion states "that the deceased fireman was not in the service of the appellant under any contract of hire or apprenticeship, express or implied". These two statements cannot be reconciled. The Supreme Court of our state having fixed by judicial determination the status of a city fireman as that of an employee of the city under contract of employment, it is my opinion that the Appellate Court is bound by such determination and I can find no justification for the statement that such an individual is not under a contract of hire within the meaning of the Indiana Workmen's Compensation Act.

The deceased fireman was not an officer of the city of Fort Wayne. Yet he was rendering a service to the city for pay. What element is lacking which prevents him from being considered an employee? The mere fact that his salary was fixed by statute and that he could not be discharged from his position without cause and only after notice and hearing if demanded is not sufficient to remove such fireman from the status of an employee. Neither is the fact that a pension

program has been provided for city firemen by statutory enactment sufficient to change their status as employees.

A similar situation prevails as regards public school teachers in Indiana who have acquired tenure rights. The statute provides that such school teachers cannot be removed from their position except for cause and upon hearing. A pension program for them has been provided by statutory enactment, yet our Supreme Court has held that they are employees of the corporation for whom they work and not officers. *Kostanzer* v. *State, ex rel. Ramsey* (1933), 205 Ind. 536, 187 N.E. 337.

Our court has recently held that school teachers as employees of a municipal corporation are within the provision of the Workmen's Compensation Act. *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 10 N.E. (2d) 314.

Our court is also committed to the proposition that in construing the legislative definition of "employee", a measure of liberality should be indulged to the end that doubtful cases may be resolved in favor of the beneficiaries of the compensation plan. *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N.E. 839.

In view of these authorities, it is my opinion that the award of the Industrial Board should have been affirmed.