## BOARD OF COMMISSIONERS OF GREENE COUNTY v. USREY ET AL.

[No. 27,803. Filed March 1, 1943.]

*Allen Pate*, of Bloomfield, *Mahlon W. Gilbreath, Jr.*, of Linton, and *Kivett & Kivett*, of Martinsville, for appellant.

*Charles H. Foley*, of Martinsville, *George W. Henley*, of Bloomington, and *John O. Moomaw*, of Bloomfield, for appellees.

RICHMAN, C. J.—The appellant is Greene County which was defendant below in its corporate capacity. § 26-606, Burns' 1933, § 5220, Baldwin's 1934. In 1929 it acquired from the City of Linton a public hospital which since has been operated by a board of trustees appointed pursuant to § 22-3203, Burns' 1933, § 4509, Baldwin's 1934. In 1936 and 1937 the hospital was more than doubled in capacity by the erection of a connecting two-story building, the north wall of which is close to the south line of a sixty-foot lot owned by appellees on which there is a six-room house in which they reside.

In January, 1938, appellees brought this action for damages alleging that appellant "by and through its officers, agents and employees . . . has operated and maintained said hospital building as a nuisance. . . ." Demurrer for want of facts was overruled and upon answer in denial the cause was tried by a jury who returned verdict for appellees.

The verdict was a result of a mixture of inconsistent theories. The complaint is predicated not on the location or construction but upon the operation of the hospital as a nuisance while the measure of damages adopted by appellees in submission of their evidence and in their tendered instruction given by the court was the depreciated market value of their residence property. In cases where injury to real estate results from a nuisance, the measure of damages is not the depreciated market value but the depreciated rental value. *Indiana Pipe Line Co.* v. *Christensen* (1919), 188 Ind. 400, 123 N. E. 789. Here the only damage to the real estate itself shown by the evidence was injury to paint on appellee's house from smoke from the heating plant of the hospital. This was not necessarily permanent for by the use of stokers or of other fuel than coal the alleged nuisance might be abated. The judgment would have to be reversed if the erroneous instruction as to the measure of damages were the only error.

But there was an antecedent error in overruling the demurrer to the complaint. A general public hospital is not a nuisance *per se*. Appellees concede that the location and construction of the new building could not have been enjoined. The county both in locating and maintaining the hospital was engaged in the performance of a governmental function for which it may not be held liable in damages. *Pritchett*

v. *Board of Commissioners, etc.* (1908), 42 Ind. App. 3, 85 N. E. 32, 14 A. L. R. 687.

Normal reasonable operation of any such public institution frequently results in depreciated value of neighboring property and discomfort and inconvenience to the residents. This is *damnum absque injuria* for private rights must yield to the public welfare in the exercise of the police power. 26 Am. Jur., Hospitals and Asylums, § 20, p. 602. So in this case there can be no recovery against the county either for location or normal maintenance. Appellees expressly disclaim negligence on the part of the county. If claimed it would seem that the case of *Williams* v. *City of Indianapolis* (1901), 26 Ind. App. 628, 60 N. E. 367, would be a complete answer. If injury results outside of that necessarily incident to the reasonable operation of the hospital, those responsible therefor may individually be liable. *Pritchett* v. *Board of Commissioners, supra.* None such is made party defendant to this action which is solely against the county. For this reason the demurrer should have been sustained.

The cases chiefly relied upon by appellees are *Haag* v. *Board of Commissioners, etc.* (1878), 60 Ind. 511; *Bessonies* v. *City of Indianapolis* (1880), 71 Ind. 189, and *Anable* v. *Board of Commissioners of Montgomery County* (1904), 34 Ind. App. 72, 71 N. E. 272. These all deal with the location of pest houses. A general public hospital is in a different class. In the last paragraph of the opinion in the *Pritchett* case the court suggests that the *Haag* case may be distinguished on the ground that "the liability of the county seems not to have been questioned." In *Hollywood Theater Corporation* v. *City of Indianapolis* (1941), 218 Ind. 556, 562, 34 N. E. (2d) 28, 30, it is stated that the *Bessonies* case was correctly decided on other grounds so that

"the language with reference to nuisances was not necessary to the decision." It was not shown that patients suffering with contagious diseases were received in the Greene County Hospital. In the opinion in *Jardine* v. *City of Pasadena* (1926), 199 Cal. 64, 73, 248 P. 225, 48 A. L. R. 509, it is said "that the possibility of the danger of contagion has been overcome by modern preventive medical measures." This is "demonstrated by the well known fact that isolation wards are commonly maintained in hospitals, surrounded by large numbers of people, patients, visitors and nurses." In the light of present knowledge of the means of avoiding spread of contagion probably a different result would now be reached in a case such as *Anable* v. *Board of Commissioners, supra.*

Judgment is reversed with instructions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 46 N. E. (2d) 823.