## Lynch v. City of Terre Haute

[No. 18,331. Filed December 18, 1952. Rehearing denied
January 30, 1953. Transfer denied March 5, 1953.]

*Leonard P. Kincade, Lenhardt E. Bauer* and *Jerdie D. Lewis,* all of Terre Haute, for appellant.

*Randel & Shandy, Frank S. Rawley,* and *Gambill, Dudley & Cox,* all of Terre Haute, for appellee.

CRUMPACKER, J.—The appellant sued the appellee, City of Terre Haute, Indiana, for damages resulting to his automobile when it was negligently struck by a fire truck owned and operated by said city and upon which a policy of public liability insurance was in force at the time. Although briefs of counsel do not so show, a search of the record discloses that his complaint alleges no written notice of said accident was served on said city within 60 days from the date thereof, as provided by Burns' Stat., §48-8001, and a demurrer to the complaint was sustained for that reason. The appellant refused to plead over and judgment went against him. He bases this appeal on the charge that the court's ruling on the demurrer was erroneous and contends that when a city's liability for damages, growing out of an accident of the character described in the complaint, is covered by an insurance policy the 60 day

notice, otherwise required by law, is waived and the allegation that none was given is immaterial.

Sec. 48-8001, supra, provides, among other things, that before an action of any kind for damages arising through the negligence of a municipal corporation can be brought written notice of the occurrence complained of shall be served upon the city and that such notice shall set out a brief description of such occurrence, its time, place, condition and cause, and injuries suffered as the result thereof. In construing this statute the Supreme Court has said: "It seems well settled by the decisions of this court and other courts, . . ., that giving of said notice is a condition precedent to a right of action; that facts showing the giving of the notice required by said section must, therefore, be alleged in the complaint, or it will be insufficient on demurrer." *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 24 N. E. 2d 776. In reaching this conclusion the court followed the ruling in *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, wherein it is said concerning §8962 Burns' Stat., 1908, which as far as this question is concerned is the same as §48-8001, supra: "The provisions of said section are mandatory and the giving of said notice is a condition precedent to a right of action. Facts showing the giving of the notice required by said section must therefore be alleged in the complaint, or it will be insufficient on demurrer."

These holdings, however, seem to have been made doubtful law by the decision in *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 32 N. E. 2d 88, wherein the court said: "Our notice statutes do not purport to set up a condition precedent to the liability of the city, but merely established a procedural step which was necessary to the remedy of bringing an action to en-

force the liability. . . . The notice does not affect the legal or moral obligation of the city to pay for the damages caused by its negligence. Its only purpose is to enable the city to make prompt investigation as to its liability. The notice does not affect the right, it affects only the remedy of the injured—the remedy of instituting and maintaining an action for the collection of the damages." The court then quotes with approval a decision of the Supreme Court of Kansas, which holds the serving of notice is no part of a plaintiff's cause of action but is merely a procedural step in the remedy. The cause of action accrued with the happening of the occurrence complained of and when the damages were sustained. *Fuller* v. *State Highway Comm.* (1934), 140 Kans. 558, 38 P. 2d 99. Thus, it is asserted, a cause of action can be pleaded without alleging notice and there are no justifiable grounds for sustaining a demurrer for want of facts because of a failure to allege matters that are not a part of said cause.

However plausible such argument may be we find it unnecessary to determine its validity nor do we deem it necessary to resolve any doubt the Aaron ██ decision casts upon the rule laid down by the earlier cases. The pleading before us shows on its face, by specific allegation, that a necessary procedural step, i.e., the giving of statutory notice before suit was brought, was not taken. The situation is analogous to a complaint which shows on its face that the action pleaded is barred by the statute of limitations. Such a complaint is demurrable for want of facts notwithstanding the concept that timely filing is no part of the cause of action pleaded. 54 C. J. S., Limitations of Actions, §344, and cases cited; *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944.

The appellant says, however, that this general rule has no application to the present complaint because it alleges that the fire truck involved is covered by a policy of insurance which indemnifies the appellee against its liability for the negligence of its employees in the maintenance and operation thereof and therefore the immunity from suit, resulting from a failure to give notice of the occurrence complained of, as required by statute, is not available to the appellee. This contention is based on Burns' Stat., §39-1819, which provides as follows:

"The state, or any municipal corporation thereof, is hereby empowered to purchase policies of insurance insuring the officers, appointees, agents and employees of the state or municipal corporations against loss or damage because of the liability imposed by law upon such officers, appointees, agents and employees for loss or damage resulting from bodily injury to, or death of, or property damage sustained by, any person or persons, caused by accident and arising out of the ownership, maintenance, hire, or use of any motor vehicle owned by the state or such municipal corporation, and any real or other personal property whatsoever, owned, hired, or used by the state or such municipal corporation, in the business of the state or such municipal corporation, and to pay the premiums thereon out of public funds. . . . No such policy of insurance shall be purchased by or issued or delivered to the state or to any municipal corporation thereof by any insurance carrier unless . . . there shall be contained within such policy a provision that if there arises or may arise a claim, suit or cause of action in relation thereto, such insurance carrier will not set up, as a defense, the immunity of the state or of such municipal corporation, but such insurance carrier shall be permitted to plead and interpose every other defense that would be available to the insured if such insured were a natural person or a private corporation."

This statute was enacted in 1941 (Acts 1941, Ch. 52, §2, p. 146) at a time when a municipal corporation was immune from a suit of this character because the maintenance and operation of a fire truck for the protection of the lives and property of its inhabitants and in the interest of the general welfare of the community, is the exercise of a governmental function. *City of Ft. Wayne* v. *Hazlett* (1939), 107 Ind. App. 184, 23 N. E. 2d 610; *Union Traction Co.* v. *City of Muncie* (1923), 80 Ind. App. 260, 133 N. E. 160. It is our opinion that the "immunity" referred to by the statute above quoted is the immunity from suit a sovereign enjoys in the performance of its governmental function. If it sees fit to protect the general public against its negligence in so doing by procuring appropriate insurance, the insurance carrier waives immunity, based on the governmental function principle, as a defense in the event of suit. To extend the meaning of the word "immunity" as used in this statute to include the result of an impasse in which a litigant finds himself through a failure to take the procedural steps necessary to the maintenance of his suit, would, in our opinion, go far beyond legislative intent. Furthermore it would result in reading into the notice statute an exception to its operation that does not appear therein. This would constitute an amendment of such statute by implication which our law does not permit. *Taelman* v. *Bd. of Fin. of School City of South Bend* (1937), 212 Ind. 26, 6 N. E. 2d 557; *Northern Indiana Power Company* v. *West, Admx.* (1941), 218 Ind. 321, 32 N. E. 2d 713; *Taylor* v. *Phelan* (1946), 117 Ind. App. 40, 69 N. E. 2d 145.

Judgment affirmed.

NOTE.—Reported in 109 N. E. 2d 437.