FLOWERS *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF VANDERBURGH, ET AL.

[No. 29,976. Filed July 6, 1960.]

*Sydney L. Berger,* of Evansville, and *Ford Gale Lacey,* of Boonville, for appellant.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellees.

LANDIS, J.—This cause reaches us on transfer from the Appellate Court under Burns' §4-215,[1] the Appellate Court's opinion appearing in 160 N. E. 2d 217.

Appellant brought suit against appellees, Board of Commissioners of the County of Vanderburgh and the Vanderburgh County Park Board, to recover damages for personal injuries sustained while skating at a rink in a county owned park and allegedly caused by the negligence of appellees in operating for profit said skating rink, to which the general public was admitted only after payment of an admission fee.

Appellees' answer set up that appellees were subdivisions or instrumentalities of the state and therefore were immune from tort liability for negligence. Appellant filed reply denying appellees' governmental immunity from tort liability and alleging that the operation of said roller skating rink was not a governmental function but was an undertaking for profit and that appellees charged an admission fee. Appellant further alleged appellees were estopped from raising the defense of governmental immunity because they had obtained insurance pursuant to Burns' §39-1819 (1952 Replacement),[2] which prohibits said insurance carrier from writing such a policy of insurance unless it waives setting up the defense of governmental immunity. Appellees demurred to the reply contending their sovereign immunity extended to "proprietary profit-making functions" as well as to governmental functions. The trial court sustained appellees' demurrer and this appeal is from the judgment thereon.

Appellant contends on this appeal (1) that appellees are not immune from tort liability for the negligent operation of a skating rink for profit, the same being a

---

1.   Acts 1901, ch. 247, §10, p. 565; 1933, ch. 151, §1, p. 800.
2.   Acts 1941, ch. 52, §2, p. 146.

proprietary function, and (2) that appellees are estopped from raising the defense of governmental immunity under Burns' §39-1819, *supra.*

.The statutes of this state provide that county commissioners ". . . shall be considered a body corporate and politic by the name and style of 'The Board of Commissioners of the County of _____'; and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act." Burns' §26-606.[3]

With reference to (1) it is the well settled general rule throughout the United States that while a county is not liable, in the absence of statute for torts committed by it in the exercise of its governmental functions, it is nevertheless liable for torts committed in a proprietary capacity. See: 20 C. J. S., "Counties," §215.

We have not been cited any decisions of this state which hold to the contrary although there are of course many cases holding that a county is not liable in tort for its acts in performing a governmental function. *Board of Commissioners of Jasper County* v. *Allman, Admr.* (1895), 142 Ind. 573, 42 N. E. 206, 39 L. R. A. 58; *Summers* v. *Board of Commissioners of Daviess County* (1885), 103 Ind. 262, 2 N. E. 725, 53 Am. Rep. 512; *Board of Comrs. of Greene County* v. *Usrey* (1943), 221 Ind. 197, 46 N. E. 2d 823. As to civil cities, there is numerous authority in this state distinguishing governmental functions from proprietary functions and holding civil cities liable for torts occurring in the performance of proprietary functions. See: *City of Logansport* v. *Public Service Comm.* (1931), 202 Ind. 523, 177 N. E. 249, 76 A. L. R. 838;

3. 1 R. S. 1852, ch. 20, §5, p. 224.

*Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. 2d 568.

The foregoing statute provides for the filing of suits by and against counties and we see no valid reason why the well settled rule holding civil cities liable for damages for torts occurring in the performance of their proprietary functions should not be applied to counties.

It should also be noted that this Court in the case of *Haag* v. *The Board of Commrs. of Vanderburgh Co.* (1878), 60 Ind. 511, 28 Am. Rep. 654, upheld the right of an injured person to obtain relief in an action for abatement of a nuisance. It has been argued that as a nuisance is a tort,[4] this case establishes the liability of the county for torts in the exercise of a proprietary function.

In the case before us the facts alleged in appellant's reply are deemed admitted for the purposes of appellees' demurrer,[5] and in the memorandum to such demurrer appellees have contended their sovereign immunity applied to proprietary profit-making functions as well as to governmental functions.

Under such a state of facts it is our view that the doctrine of sovereign immunity is not applicable as this is obviously a case of a county in the exercise of a proprietary or corporate function.

We shall now consider appellant's contention (2) that appellee is estopped to raise the question of sovereign immunity in view of Burns' §39-1819, *supra,* which provides:

"The state, or any municipal corporation thereof, is hereby empowered to purchase policies of insurance insuring the officers, appointees, agents and-

4.   66 C. J. S., "Nuisances," §8, note 46.
5.   Flanagan's Ind. Pleading and Procedure, §146; Lowe's Rev. of Works' Ind. Prac., Vol. 1, §14.36.

employees of the state or municipal corporation against loss or damage because of the liability imposed by law upon such officers, appointees, agents and employees for loss or damage resulting from bodily injury to, or death of, or property damage sustained by, any person or persons, caused by accident and arising out of the ownership, maintenance, hire, or use of any motor vehicle owned by the state or such municipal corporation, and any real or other personal property whatsoever, owned, hired, or used by the state or such municipal corporation, in the business of the state or such municipal corporation, and to pay the premiums thereon out of public funds. In no event shall the state or any municipal corporation thereof, be liable, in any case, in any amount in excess of the maximum amount of valid insurance in full force and effect and covering the particular motor vehicle or particular real or personal property involved in the accident causing such loss or damage: Provided, That wherever the state or any municipal corporation thereof enters into a contract for the hire or use of any automobile owned and operated by a private individual, such insurance, as set out above, shall be purchased by the owner of such automobile and funds for the payment thereof may be included in the contract for hire. No such policy of insurance shall be purchased by or issued or delivered to the state or to any municipal corporation thereof by any insurance carrier unless such carrier is duly authorized to transact such insurance business within the state of Indiana, and the policy so issued shall conform to the requirements of chapter 162, article IX, sec. 177 of the Acts of 1935 [§39-4309], nor unless there shall be contained within such policy a provision that if there arises or may arise a claim, suit or cause of action in relation thereto, such insurance carrier will not set up, as a defense, the immunity of the state or of such municipal corporation, but such insurance carrier shall be permitted to plead and interpose every other defense that would be available to the insured if such insured were a natural person or a private corporation. In no event shall the insurance carrier be liable, in any case, in any amount in excess of the

maximum amount named in the policy of insurance." Acts 1941, ch. 52, §2, p. 146.

We quote the following statement by Judge Crumpacker with reference to such statute in the case of *Lynch* v. *Terre Haute* (1952), 123 Ind. App. 282, 287, 109 N. E. 2d 437, 439:

> "This statute was enacted in 1941 (Acts 1941, Ch. 52, §2, p. 146) at a time when a municipal corporation was immune from a suit of this character because the maintenance and operation of a fire truck for the protection of the lives and property of its inhabitants and in the interest of the general welfare of the community, is the exercise of a governmental function. *City of Ft. Wayne* v. *Hazlett* (1939), 107 Ind. App. 184, 23 N. E. 2d 610; *Union Traction Co.* v. *City of Muncie* (1923), 80 Ind. App. 260, 133 N. E. 160. It is our opinion that the 'immunity' referred to by the statute above quoted is the immunity from suit a sovereign enjoys in the performance of its governmental function. If it sees fit to protect the general public against its negligence in so doing by procuring appropriate insurance, the insurance carrier waives immunity, based on the governmental function principle, as a defense in the event of suit. . . ."

We call attention to the fact that Burns' §39-1819, *supra,* although it only provides for the taking out of insurance by the state or a municipal corporation covering officers, appointees, agents and employees thereof, nevertheless states:

> ". . . In no event shall the state or any municipal corporation thereof, be liable, in any case, in any amount in excess of the maximum amount of valid insurance in full force and effect and covering the particular . . . real or personal property involved in the accident causing such loss or damage: . . . No such policy of insurance shall be purchased by

or issued or delivered to the state or to any municipal corporation thereof by any insurance carrier . . . unless there shall be contained within such policy a provision that if there arises or may arise a claim, suit or cause of action in relation thereto, such insurance carrier will not set up, as a defense, the immunity of the state or . . . municipal corporation, but . . . shall be permitted to plead and interpose every other defense that would be available to the insured if such insured were a natural person or a private corporation. . . ."

It is apparent that the legislature contemplated liability of the state (or municipal corporation) where insurance was taken out under such statute as the statute limits liability to the state (or municipal corporation), to the amount of the policy and further provides the insurance carrier shall not set up the defense of governmental immunity but may interpose any other defense available to a natural person or private corporation.

If the legislature only contemplated insurance of officers, agents, etc., under the act without insurance covering the state it is difficult to see why a limit on the liability to the state would be mentioned in the statute, or why the statute would attempt to take away the defense of sovereign immunity when the act only affected officers or agents who had no such immunity anyway, or further, why an employee or officer would need to be given the right to interpose defenses available to natural persons.

It necessarily follows that the legislature must have contemplated insurance policies being taken out under the statute insuring the state (or municipal corporation) as well as officers, agents thereof, and that if such insurance is taken out the insurance carrier writing such a policy is precluded from raising

the defense of governmental immunity as provided therein.

In view of the result we have reached it is not necessary for us to consider whether or not appellee Park Board is liable in the absence of liability of appellee county.

The opinion of the Appellate Court in the case of *Hummer* v. *School City of Hartford City* (1953), 124 Ind. App. 30, 112 N. E. 2d 891, is disapproved insofar as it is inconsistent with the views herein expressed.

The judgment is reversed with directions to overrule the demurrer to the reply.

Jackson, C. J., and Bobbitt and Arterburn, JJ., concur.

Achor, J., concurs in result with opinion.

## CONCURRING OPINION

ACHOR, J.—For the reason stated in *Hummer* v. *School Bd. of Hartford City* (1953), 124 Ind. App. 30, 112 N. E. 2d 891, I concur in the result only of the opinion, as written by Judge Landis.

NOTE.—Reported in 168 N. E. 2d 224.