**Tina Marie RODGERS (Boling), Plaintiff–Appellant,**

v.

**MARTINSVILLE SCHOOL CORPORATION, Defendant–Appellee.**

No. 06A01–8710–CV–261.

Court of Appeals of Indiana, First District.

April 25, 1988.

Richard E. Culley, Indianapolis, for plaintiff-appellant.

W. Brent Threlkeld, Rocap, Witchger & Threlkeld, Indianapolis, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Tina Marie Rodgers Boling (Tina), appeals the decision of the Boone Superior Court granting motions for summary judgment in favor of defendant-appellee, Martinsville School Corporation (the School).

We affirm.

## STATEMENT OF THE FACTS

This is a consolidated appeal of two cases brought by Tina in order to recover for injuries she allegedly received as a result of an incident which occurred at the School. Tina was a member of the School's swim team. When changing clothes in the girls' locker room following practice on January 10, 1980, a male student and member of the School's wrestling team, while committing an act of voyeurism,[1] fell through a false ceiling landing on Tina and injuring her shoulder. Tina was 13 years old at the time, having been born August 30, 1966.

---

1. The definition of voyeurism in the vernacular is peeping tom.

On August 29, 1986, Tina filed a complaint for damages against the School alleging that the School was negligent in failing to supervise the male students. The School filed an answer generally denying the allegations in the complaint and set forth several affirmative defenses, including the defense that Tina had failed to comply with the notice requirements of the Indiana Tort Claims Act, not having filed notice of her claim with the School within 180 days of her 18th birthday.

On February 13, 1987, the School filed a motion for summary judgment asserting Tina's failure to comply with the notice provisions of the Tort Claims Act. Tina filed a reply to the motion for summary judgment on February 26, alleging that the notice period had not yet expired. The basis of her argument was that the notice period was tolled while she was incompetent, and her incompetency was not removed until she learned that she had a legally recognized claim to protect. Therefore, the notice period did not commence until she consulted an attorney on August 29, 1986, and did not expire until March 1, 1987. Filed with the reply was a document signed by Tina entitled "Notice of Claim". The motion for summary judgment was set for hearing to be held on July 23, 1987. Following the hearing, the trial court entered summary judgment in favor of the School, finding that Tina had failed to comply with the requirements of the Tort Claims Act in that her notice pursuant to such act was filed substantially more than 180 days after her 18th birthday.

Prior to the hearing, however, Tina had filed a second cause of action against the School. The complaint alleged the same facts, but also alleged that notice had been timely filed with the School. On August 20, 1987, the School filed its answer to the second complaint and raised Tina's failure to comply with the tort claims notice provisions. Thereafter, the School filed a motion for summary judgment, alleging that the judgment entered on July 23, 1987, with respect to the first cause of action, was res judicata with regard to the issues raised in the second cause of action. Tina subsequently moved to amend her second complaint to include the School's liability insurance contract with its insurance company. After conducting a hearing, the trial court entered a judgment granting the School's motion for summary judgment. The trial court stated that Tina, having not filed a notice of her claim with the School until two years subsequent to her 18th birthday, failed to comply with the notice provisions of the Tort Claims Act. The trial court also noted that Tina's second complaint was barred by the doctrine of res judicata. Tina subsequently filed a motion to consolidate the two cases for purposes of appeal which was granted.

## ISSUES

Tina presents the following issues for our appeal:

I. Whether the School's purchase of liability insurance waives application of the notice requirements of the Tort Claims act.

II. Whether Tina substantially complied with the notice provisions of the Tort Claims Act.

III. Whether the notice requirements of the Tort Claims Act are unconstitutional.

IV. Whether the trial court erred in granting the School's motion for summary judgment with respect to the second cause of action on the basis of res judicata.

## DISCUSSION AND DECISION

ISSUE I: *Waiver of Notice Provisions*

At the time of Tina's injury, the School was covered by a policy of public liability insurance. Tina contends that the School's purchase of the liability insurance waives application of the notice provisions of the Tort Claims Act. Specifically, she asserts that IND.CODE 34-4-16.5-18, governing the purchase of liability insurance, prohibits a governmental entity who has obtained liability insurance from raising as a defense non-compliance with the notice provisions of the act.

In support of her argument Tina cites *Lynch v. Terre Haute* (1952), 123 Ind.App. 282, 109 N.E.2d 437 and *Flowers v. Board of Commissioners of Vanderburg County* (1960), 240 Ind. 668, 168 N.E.2d 224. Both *Lynch* and *Flowers* interpreted Burns' § 39–1819, the predecessor to IND.CODE 34–4–16.5–18. That statute provided in pertinent part:

No such policy of insurance shall be purchased by or issued or delivered to the state or any municipal corporation thereof by any insurance carrier unless ... there shall be contained within such policy a provision that if there arises or may arise a claim, suit or cause of action in relation thereto, such insurance carrier will not setup as a defense, the *immunity* of the state or of such municipal corporation, but such insurance carrier shall be permitted to plead and interpose every other defense that would be available to the insured if such insured were a natural person or a private corporation. (emphasis added)

Based upon this statute these cases held that where a governmental entity purchases liability insurance, the insurance carrier waives governmental function *immunity* as a defense to suit.

 When this statute was enacted, municipal corporations were immune from liability for government acts. However, the common law defense of governmental immunity has been replaced by the Indiana Tort Claims Act. Compliance with the statutory notice requirements of the Tort Claims Act is a procedural prerequisite to recovery against a government entity. *Scott County v. Stamper* (1981), Ind.App., 425 N.E.2d 264; *Hedges v. Rawley* (1981), Ind.App., 419 N.E.2d 224. Failure to give a timely notice to a governmental entity is a jurisdictional bar to maintaining a tort action against the entity. *Teague v. Boone* (1982), Ind.App., 442 N.E.2d 1119. Burns' § 39–1819 and the cases construing it spoke only in terms of waiving governmental immunity. There is no longer a general immunity to governmental agencies and that argument is not relevant. Here we are concerned with an entirely distinct concept: notice under the Tort Claims Act.

The word immunity under Burns' § 39–1819 does not mean or involve notice under the Tort Claims Act. Furthermore, Tina does not cite any cases nor are we aware of any which hold that application of the notice provisions of the act are waived when a governmental entity procures liability insurance pursuant to IND.CODE 34–4–16.5–18. Having failed to file notice within the period prescribed by law, Tina is barred from maintaining her claim against the School.

ISSUE II: *Substantial Compliance*

Tina next argues that she substantially complied with the notice requirements of the act, citing *Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190.

In *Powell* the insurance company for the county had actual notice of the incident, conducted an investigation, and made payments to the plaintiff over a period of time totaling $19,000.00. The supreme court stated:

[I]t appears that acts or conduct of the defendant or his agent as well as acts of the plaintiff could establish that the purposes of the statute were satisfied, that is, that the city was advised of the accident and that it promptly investigated the surrounding circumstances to determine its possible liability and to prepare a defense. Other facts proving preparation of a defense or admissions of liability; letters or writings involving descriptions of the incident, causes and conditions thereof or the nature and extent of injuries; promises; payments; settlements or other conduct or acts of the defendant or his agents or of the plaintiff, could be offered to prove that the purposes of the statute have been satisfied. When the purposes of the statute are fully satisfied, it is clear that the result is substantial compliance with the statute. When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice or create an estoppel.

*Id.* at 85, 393 N.E.2d at 192.

Tina alleges that the following facts support her contention that she substantially

complied with the notice provisions: Tina's swim coach was aware of the incident immediately after it occurred, the School's superintendent remembered the incident but did not report it to the school board, the School was aware that students had been committing acts of voyeurism prior to this incident, and the School sealed the ceiling to prevent the recurrence of similar incidents.

 Apparently Tina is arguing that the School had actual notice that an incident occurred and therefore it is estopped from asserting non-compliance with the notice provisions. This court has consistently rejected such claims *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151; *Batchelder v. Haxby* (1975), 167 Ind.App. 82, 337 N.E.2d 887. Furthermore, the facts cited above did not rise to the level of conduct considered in *Powell.* There were no letters sent to the school describing the incident or the extent of Tina's injuries. Nor were there any promises, payments, or settlement offers made on behalf of the School to Tina. In short, the School did not engage in any conduct designed to mislead or induce Tina into foregoing the giving of notice, and nothing indicates the School intended to relinquish its right to receive notice. Tina did not substantially comply with the notice provisions.

## ISSUE III: *Constitutionality of the Notice Provisions*

 Tina next argues that the notice provisions of the Tort Claims Act are unconstitutional. The notice provisions of the Tort Claims Act have been repeatedly held to be constitutional. *City of Fort Wayne v. Cameron* (1977), 267 Ind. 329, 370 N.E. 2d 338; *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333; *Gosner v. Board of Commissioners for Owen County* (1978), 177 Ind.App. 74, 378 N.E.2d 425.

## ISSUE IV: *Res Judicata*

 Tina finally argues that the trial court erred in granting the School's motion for summary judgment with regard to the second cause of action on the basis of res judicata. Tina bases her argument on the alleged absence of one of the elements necessary to apply the doctrine of res judicata. She contends that the trial court's determination in the first cause of action on the basis of her failure to comply with the notice provisions of the act, was not a judgment rendered on the merits.

This argument was addressed in *Creech v. Town of Walkerton* (1984), Ind.App., 472 N.E.2d 226. In *Creech,* the plaintiff's cause of action against the town was dismissed due to his failure to comply with the notice provisions. The town then brought an action against the plaintiff, and he filed a counterclaim seeking the same damages previously dismissed. We held that the dismissal of the plaintiff's original claim for failing to comply with the notice requirements was an adjudication on the merits, and res judicata barred further pursuit of the claim by way of counterclaim. *Id.* at 229. Likewise, Tina, her first cause of action having been dismissed for failing to comply with the notice provisions, was barred from relitigating the same claim in her second cause of action.

 In conclusion we turn to the School's request for damages pursuant to the Ind. Rules of Procedure, Appellate Rule 15(G). We have examined the claim and deny it.

Accordingly, for the above reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

RATLIFF, C.J., and MILLER, P.J., concur.