Dianne GEORGE, Millie Young and Velma Gore, Individually and in their joint capacities, Appellants,

v.

Richard Gordon HATCHER, Individually and in his capacity as Mayor of the City of Gary, The City of Gary, a Municipal Corp., Department of Redevelopment of Gary, a Municipal Corp., Maurice E. Baptiste, Individually and in his capacity as Vice President of the Gary Redevelopment Commission, Dalia Olivarez, Individually and in his capacity as Secretary of Gary Redevelopment Commission, Emma D. Robinson, Individually and as a member of the Gary Redevelopment Commission, Philip Rutledge, Individually and as a member of Gary Redevelopment Commission, Richard Rockwell, Individually and as Executive Secretary of the Gary Redevelopment Commission and Clifford E. Minton, as a member of the Gary Redevelopment Commission, Appellees.

No. 45A04–8706–CV–177.

Court of Appeals of Indiana, Fourth District.

Aug. 22, 1988.

John M. Kopack, Gilyan Hanson & Kopack, Merrillville, for appellants.

Julian B. Allen, Gary, for appellees.

MILLER, Presiding Judge.

Diane George, Millie Young, and Velma Gore (Employees) claimed their civil rights were violated under 42 U.S.C. § 1983 when they lost their jobs with the Department of Redevelopment of the City of Gary under an employee reorganization plan that phased out their positions. However, the trial court granted summary judgment against them and in favor of Richard Gordon Hatcher, Mayor of the City of Gary, the City of Gary, and the Department of Redevelopment and the individual members thereof (Commission) based on their failure to comply with the notice provisions of the Indiana Tort Claim Act, IND.CODE § 34-4-16.5-1 et. seq. (ITCA). We reverse, basing our opinion on the very recent United States Supreme Court case of Felder v. Casey (1988), —— U.S. ——, 108 S.Ct. 2302, 101 L.Ed.2d 123, which held that notice provisions of the state law are not applicable in § 1983 proceedings.

## DISCUSSION

The Employees were terminated from their jobs with the Department of Redevelopment on April 29, 1984 after the Commission approved an employee reorganization plan that phased out their positions. On June 6, 1984 the Employees brought an action against the Commission under 42 U.S.C. § 1983 alleging their civil rights had been violated when they were discharged. The Commission filed a motion for summary judgment asserting that the Employees' noncompliance with the notice provisions of the ITCA barred their claim. The Employees argued that although they had not complied strictly with the requirements, they had substantially complied and the Com-

mission had received actual notice. After a hearing on the motion on January 12, 1987, the trial court, relying on *Indiana Dept. of Public Welfare v. Clark* (1985), Ind.App., 478 N.E.2d 699, granted the Commission's motion on the basis that the Employees had failed to satisfy the notice requirements. Although *Clark* and *Werblo v. Hamilton Heights School Corp.* (1988), Ind.App., 519 N.E.2d 185, would previously have been dispositive in barring the Employees' claim, these cases have been overruled to the extent that they held that the ITCA notice-of-claim provision applies to § 1983 suits in our courts. *Felder, supra.*

The facts in *Felder* reveal that nine months after Felder was allegedly beaten by Milwaukee police officers who arrested him on a disorderly conduct charge that was later dropped, he brought a state-court action against the City and certain police officers under 42 U.S.C. § 1983. Felder alleged that the beating and arrest were racially motivated and violated his rights under the Fourth and Fourteenth Amendments. The officers moved to dismiss the action because of Felder's failure to comply with Wisconsin's notice-of-claim statute which required that before a plaintiff could bring suit in state court against a state or local governmental entity or officer, he must 1) within 120 days of the alleged injury, notify the defendant of the circumstances and amount of the claim and his intent to hold the defendant liable; 2) allow the defendant 120 days to either grant or disallow the requested relief; and 3) bring suit within six months of receiving notice of the disallowance.[1] The trial court denied the motion, but this decision was later reversed by the Wisconsin Supreme Court which held that while Congress could establish the procedural framework for actions to be brought in the federal courts, the states retained the authority to establish the procedures for their own tribunals, including actions to vindicate congression-

---

1. Our statute, I.C. 34-4-16.5-1 et. seq., requires notice within 180 days; then, within 90 days the defendant must give written notice to the claimant as to whether the claim was approved or denied; and, the claimant must bring suit within the period of the statute of limitations applicable to the cause of action.

ally created rights. *Felder v. Casey* (1987), 139 Wis.2d 614, 408 N.W.2d 19.

The United States Supreme Court reversed, holding that Wisconsin's notice-of-claim statute conflicted in its purpose and effects with the remedial objectives of § 1983. The Court said notice-of-claim rules were not universally familiar nor indispensable prerequisites to litigation, and that they inhibit significantly the ability to bring federal actions. The Court added that these rules burden the exercise of the federal right by forcing civil rights victims who bring actions in state courts to comply with a requirement that is not present in civil rights litigation in federal courts. The Court held the Supremacy Clause preempts the notice-of-claims rules when a § 1983 action is brought in state courts.

Accordingly, we reverse.

SHIELDS, P.J., and CONOVER, J., concur.