**CITY OF LAKE STATION, Indiana; et al., Appellants (Defendants Below),**

v.

**STATE ex rel. MOORE REAL ESTATE, INC.; Roland Moore; and Terry Moore, Appellees (Plaintiffs Below).**

No. 56A03–8803–CV–76.

Court of Appeals of Indiana, Third District.

April 27, 1989.

Rehearing Denied June 16, 1989.

---

John N. Pangere, Pangere & Zervos, Merrillville, for appellants.

William T. Enslen, Gregory W. Brown, Enslen, Enslen & Matthews, Hammond, for appellees.

HOFFMAN, Judge.

Defendant-appellant City of Lake Station brings an interlocutory appeal. Lake Station argues that the trial court erred in denying a motion to dismiss.

The facts indicate that Moore Real Estate applied for a building permit for the construction of a new dwelling. On April 11, 1985, the Lake Station Building Commission tabled a decision on whether to grant the permit. On October 12, 1985, Moore Real Estate mailed notice of tort claim to Lake Station. On October 18, 1985, Moore Real Estate filed a complaint for mandate and damages against Lake Station. On February 26, 1988, the trial court denied Lake Station's motion to dismiss. The Lake Station Building Commission has never made a decision on whether to grant Moore Real Estate's building permit application.

Lake Station contends that Moore Real Estate's complaint should be barred because the tort claim notice was untimely. A claim under the Indiana Tort Claims Act is barred unless notice to the political subdivision is filed with the governing body within 180 days after the loss occurs.

IND.CODE § 34–4–16.5–7 (1982 Ed.); *Scott County v. Stamper* (1981), Ind.App., 425 N.E.2d 264, 265.

■ The notice requirement applies to the damages portion of the complaint filed by Moore Real Estate. Failure to give a timely notice to a governmental entity is a jurisdictional bar to maintaining a tort action against the entity. Compliance with the statutory notice requirements of the Tort Claims Act is a procedural prerequisite to recovery against a government entity. *Rodgers v. Martinsville School Corp.* (1988), Ind.App., 521 N.E.2d 1322, 1325.

■ Moore Real Estate presented the tort claim notice to Lake Station more than 180 days after the Building Commission tabled the building permit application. The Building Commission's failure to decide on whether to grant or deny the building permit at its April 11, 1985 meeting caused the damages alleged in Moore Real Estate's complaint. The tort claim notice was filed more than 180 days after the omission that caused the alleged loss. Moore Real Estate's failure to comply with the tort claim notice requirement is fatal to the damages claim. The trial court erred in failing to grant Lake Station's motion to dismiss the tort damages action.

■ The Tort Claims Act notice requirement does not apply to the mandate portion of the action brought by Moore Real Estate. The Tort Claims Act applies only "to a claim or suit in tort." IND.CODE § 34–4–16.5–1 (1982 Ed.). A mandate action is authorized by IND.CODE § 34–1–58–2 (1982 Ed.) which states:

"The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."

This has been interpreted as enabling a court to properly mandate public officials, boards and commissions to perform a clear, absolute and imperative duty imposed by law. *Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1038.

Moore Real Estate's mandate action was brought to compel the Lake Station Building Commission to issue the building permit. The trial court was correct in not dismissing the mandate portion of Moore Real Estate's complaint.

The trial court erred in failing to dismiss the tort action when the tort claim notice was untimely filed. The trial court did not err in refusing to dismiss the mandate action.

Reversed in part and affirmed in part.

MILLER, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent from that part of the Majority Opinion which concludes: "The trial court erred in failing to grant Lake Station's motion to dismiss the tort damages action." The underpinning of this conclusion rests upon the date of April 11, 1985. This underpinning is not supported by the record. The record supports either May 9, 1985 or the first part of October, 1985 as the factual underpinning date. Either of the aforementioned dates would make Moore's notice timely. I would affirm the trial court.

The record shows that Moore filed his application for a building permit on March 12, 1985. (R 115, L 19) Later, on March 14, 1985, the Commission tabled Moore's application and notified Moore to attend and to appear at its next Commission meeting which was scheduled for April 11, 1985. (R 68)

At the April 11 meeting of the Commission, Moore's application was tabled again by the Commission "subject to approval and legal advice from the city attorney." (R 69, L 15) The Minutes of the Commission show the following:

"Decision by Hearing Authority was: Mr. Hodges tabled any decision to be made, subject to approval and legal advice from our city attorney. There was also a motion to pass for approval and research by our city attorney made by Mr. Dahlstrom, 2nd by Mr. Mamelson. Motion Carried." (R 69, LL 14–16)

After this meeting, it would appear that approval of the permit was only a matter of obtaining a favorable opinion from the city attorney. Moore's attorney sent three letters to the city attorney requesting that he issue a legal opinion on Moore's permit approval which was pending before the Commission. (R 119, LL 20–27) The record further shows that Moore's attorney met personally with the city attorney in an effort to obtain the legal opinion ordered by the Commission. (R 119, L 27 to R 120, L 4) However, no knowledge of the city attorney's legal opinion was ever communicated to Moore's attorney until the early part of October, 1985: "... when Mr. Greco finally informed me that he had reviewed the statutes, or the ordinances of Lake Station and found that we did not meet the square footage requirements. And that that's what he was going to advise the uh, the building commission." (R. 132, L 28 to R 133, L 6)

Even if the assumption is made that Moore's attorney was not advised of the city attorney's legal opinion during the first part of October, but was advised at the next scheduled meeting of the Commission, May 9, Moore's October 12 notice would have been timely. The evidence in

the record simply does not support the conclusion of the Majority. The record has been ignored. I would affirm the trial court.[1]

1. Moore's complaint alleges that its civil and constitutional rights under the laws and Constitution of Indiana and the Constitution of the United States were violated. If Moore plans to proceed under Section 1983, the notice question would be moot. See Judge Miller's Opinion in *George v. Hatcher* (1988), Ind.App., 527 N.E.2d 199, 200; also see *Felder v. Casey* (1988), —— U.S. ——, 108 S.Ct. 2302, 101 L.Ed.2d 123.