Diane P. WERBLO, Appellant
(Plaintiff below),

v.

BOARD OF TRUSTEES OF the HAMIL-
TON HEIGHTS SCHOOL CORPORA-
TION, and Sylvia Kay Hartley, V. Ray
Mosbaugh, Lawrence C. Beck, Keith
Schulenburg, and Ronald E. McGill, in-
dividually and in their capacity as
members of the Board of School Trust-
ees of Hamilton Heights School Corpo-
ration, Appellees (Defendants below).

No. 29S02–8905–CV–371.

Supreme Court of Indiana.

May 4, 1989.

Richard J. Darko, Lowe Gray Steele &
Hoffman, Indianapolis, for appellant.

James W. Riley, Jr., Donald S. Smith,
Callahan & Riley, Indianapolis, Jack G. Hit-
tle, Church, Church, Hittle & Antrim, No-
blesville, for appellees.

PIVARNIK, Justice.

This cause comes to us on a petition to
transfer from the First District Court of
Appeals.

The facts as set forth by the Court of
Appeals are as follows:

Diane P. Werblo taught English and
Latin at Hamilton Heights High School
during the 1983–84 school year as a ten-
ured teacher. As part of the English
course Werblo led her class through a
movie version of "Romeo and Juliet" in
preparation for a test on the Shake-
spearean play. The students were sched-
uled to view the final third (⅓) of the
play on April 11, 1984. However, a con-
vocation entitled "Sportsworld" which
contained religious materials was sched-
uled on the same day. On April 10, 1984,
Werblo discussed the conflicting sched-
ule with Eugene Pitts, the school princi-
pal, and sought permission for her class
to view the final third (⅓) of the play,
rather than attend the convocation. A
resolution to the conflict was not reached
at that time. Werblo again discussed the
conflict with Pitts on April 11, 1984, and
further explained that the video was on
loan and could not be secured for another
time. Pitts considered the situation and
then directed Werblo to attend the convo-
cation with her students. Subsequently,
Pitts made an announcement on the
school's public address system. The an-

nouncement discussed the convocation, noted the speaker's career as a football player, and advised that the convocation would include religious content. The announcement also indicated that anyone who did not wish to attend the convocation for religious or "any other reasons" was to report to the principal's office or Pitts in the hallway.

Werblo interpreted this later announcement as a way for her class to view the movie, rather than attend the convocation. Accordingly, Werblo gave her students the individual option of attending the convocation or viewing the movie. Werblo and sixteen (16) of thirty (30) students chose to view the movie. In accordance with the announcement Werblo and the sixteen (16) students reported to the office and objected to attending the convocation. Werblo objected on religious grounds. Thereafter, Werblo and the students went to the library and viewed the movie.

*Werblo v. Hamilton Heights School Corp.* (1988), Ind.App., 519 N.E.2d 185, 186–87. The School Board found Werblo guilty of insubordination and she was dismissed.

On October 23, 1984, Werblo filed the instant action, claiming in Count I of her complaint that the School Board violated her constitutional and civil rights pursuant to 42 U.S.C. § 1983. Counts II and III were not brought pursuant to § 1983 but alleged a breach of contract and violation of the Indiana Tenured Teachers Act (now codified at Ind.Code § 20–6.1–4–10, –11, and –12). Count II requested the trial court issue a mandate requiring the School Board to reinstate Werblo and pay her back pay, and Count III sought $50,000.00 in damages.

The School Board filed a Motion for Summary Judgment on all three counts and said motion was granted. The trial court dismissed Count I of Werblo's complaint for failure to comply with the Indiana Tort Claims Act, Ind.Code § 34–4–16.5–1, *et seq.*, found no material issue of fact existed as to Counts II and III, and held the School Board was entitled to judgment as a matter of law.

On appeal, in Issue I of its opinion, the Court of Appeals affirmed the trial court in its dismissal of Count I of Werblo's complaint, finding that action brought under 42 U.S.C. § 1983 was subject to the notice provisions of the Indiana Tort Claims Act. In Issue II of its opinion, the Court of Appeals reversed the trial court in its granting of summary judgment as to Counts II and III of Werblo's complaint, finding that insufficient evidence existed to support the School Board's ruling that Werblo willfully refused to abide by a clear and reasonable rule of the school corporation.

Werblo petitions for transfer regarding the Court of Appeals holding in issue I, and claims in Count I of her complaint alleging a § 1983 violation need not comply with the notice provisions of the Indiana Tort Claims Act. Appellee School Board petitions for transfer regarding Issue II of the Court of Appeals opinion and claims the Court of Appeals used improper review standards in reversing the trial court's entry of summary judgment. Appellee School Board's petition to transfer regarding Issue II is denied. Plaintiff Werblo's petition to transfer is granted and the opinion of the Court of Appeals regarding Issue I is vacated.

■■■ The Court of Appeals properly found § 1983 actions do, in fact, sound in tort and are properly characterized as claims in tort. They further found that actions such as Werblo's, brought under § 1983 and involving constitutional and civil rights deprivations which arise out of an employer-employee relationship, are tort actions. *Indiana Department of Public Welfare v. Clark* (1985), Ind.App., 478 N.E. 2d 699, 702, *cert. denied* (1986), 476 U.S. 1170, 106 S.Ct. 2893, 90 L.Ed.2d 980; *Memphis Community School District v. Stachura* (1986), 477 U.S. 299, 305–06, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249, 257–58; *Wilson v. Garcia* (1985), 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254. However, the Court of Appeals was incorrect in holding that a § 1983 action is subject to the Indiana Tort Claims Act requiring a party bringing a suit or claim in tort must pro-

vide notice within one hundred eighty (180) days of the occurrence of a loss to the political subdivision involved. Ind.Code § 34–4–16.5–7. Pursuant to the Indiana Tort Claims Act, failure to file the required notice within one hundred eighty (180) days acts as a bar to claims or suits against those entitled to receive notice.

Werblo correctly maintains the Court of Appeals decision on this issue was effectively overruled on June 22, 1988, by the United States Supreme Court in *Felder v. Casey* (1988), 487 U.S. ——, 108 S.Ct. 2302, 101 L.Ed.2d 123. *Felder* arose in a Wisconsin state court and involved a § 1983 claim. Wisconsin had notice provisions in its tort claims act similar to those involved in the instant case and the United States Supreme Court held that under the principles of federalism and the supremacy clause (Art. 6, cl. 2) of the Federal Constitution, 42 U.S.C. § 1983 preempted the application of Wisconsin's notice of claim statute to a § 1983 action brought in Wisconsin state court. The *Felder* Court reasoned that enforcement of the statute stood as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress for two reasons. First, the statute placed a burden which was inconsistent in both design and effect with the compensatory aims of the federal civil rights law on the exercise of the federal right by forcing victims who sought § 1983 redress in state courts to comply with a requirement entirely absent from § 1983 litigation in federal courts. Second, the enforcement of the statute would frequently and predictably produce different outcomes in § 1983 litigation based solely on whether that litigation took place in state or federal court. Accordingly, the *Felder* Court concluded, "States may not apply such an outcome-determinative law when entertaining substantive federal rights in their courts." *Felder*, 487 U.S. at ——, 108 S.Ct. at 2308, 101 L.Ed.2d at 139–40. The holding in *Felder* is dispositive of the issue in the instant case. *George v. Hatcher* (1988), Ind.App., 527 N.E.2d 199. Accordingly, the trial court is reversed on this issue.

This cause is remanded to the trial court for entry of judgment consistent with the holding of this opinion regarding Count I, and the opinion of the Court of Appeals regarding Counts II and III.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in Count I; dissents in Counts II and III.