**CITY OF LAKE STATION, Indiana; City of Lake Station Building Commission; and Jim Kinsey, Wendell Hodges, Randy Reames, Bill Palmateer, Vic Lavenda, and Ed Dahlstrom, individually in their capacities as the Commissioners of the Building Commission of the City of Lake Station, Indiana, Appellants (Defendants Below),**

v.

**STATE ex rel. MOORE REAL ESTATE, INC.; Roland Moore; and Terry Moore, Appellees (Plaintiffs Below).**

No. 56S03–9008–CV–553.

Supreme Court of Indiana.

Aug. 22, 1990.

As Revised Aug. 30, 1990.

---

John N. Pangere, Pangere & Zervos, Merrillville, for appellants.

William T. Enslen, Enslen, Enslen & Matthews, Hammond, for appellees.

SHEPARD, Chief Justice.

The Indiana Tort Claims Act requires that a person with a claim against a governmental unit file notice within 180–days "after the loss occurs." Ind.Code § 34–4–16.5–7 (West 1983). This interlocutory appeal turns on defining when the loss actually "occurs."

On March 12, 1985, Moore Real Estate applied for a building permit from the building commissioner of the City of Lake Station. The application was for construction of a single dwelling at 2280 Randolph Street in Lake Station.

The building commission met on March 14, 1985, and its minutes reveal that it discussed the application. The commission decided that it needed more information

and agreed to notify the petitioner to appear at the next commission meeting.

The commission discussed various aspects of the application at the next meeting on April 11, 1985. One point that remained in question was the minimum square footage allowed. The minutes stated:

[T]his dwelling is to be 720 sq. ft., which is the minimum size requirement for state codes. Although our city inspectors believe our city code is 940 sq. [ft.], therefore, city codes supercede state codes. Also, it is uncertain if said property is to be sub-divided, and a proposed road at site would be eliminated.

Moore's attorney stated the city's ordinance did not require subdividing the property. He said Moore Real Estate had met all requirements, submitted a plot plan, and there was no need to subdivide the property. The minutes indicate that the discussion was brought to a close that day as follows:

Decision by hearing authority was: Mr. Hodges tabled any decision be made, subject to approval and legal advice from our city attorney.

There was also a motion to pass for approval and research by our city attorney made by Mr. Dahlstrom, 2nd by Mr. Mamelson. Motion carried.

After the April 11th meeting, Moore's attorney contacted the city's attorney numerous times. He sent several letters, made phone calls, and met personally with the city's counsel. Moore's attorney decided to issue a notice of tort claim after a conversation with the city attorney's office in early October 1985. Moore's attorney described that conversation to the trial court:

Mr. Greco [the city attorney] finally informed me that he had reviewed the statutes, or the ordinances of Lake Station and found that we did not meet the square footage requirements. And that that's what he was going to advise the uh, building commission.

The record does not reveal any action by the Lake Station Building Commission on Moore's application. The commission neither granted it, denied it, nor expressly decided not to decide. As far as we can determine, Moore's application to build a single dwelling had been pending for almost a year when the trial court heard the motion from which this appeal arises.

On October 12, 1985, Moore mailed the notice of claim to Lake Station in accordance with Ind.Code § 34-4-16.5-7 (West 1983) (current version at Ind.Code § 34-4-16.5-7 (West Supp.1989)). The notice stated, in part:

That the wrongs for which Moore Real Estate, Inc., Roland Moore and Terry Moore claim damages against the City of Lake Station, Indiana, occurred on or about the 11th day of April, 1985, and continue to the present time and occurred in the City of Lake Station, Indiana.

On October 18, 1985, Moore filed a complaint for mandate and damages. Lake Station moved to dismiss on the grounds that Moore had not filed a timely tort claim notice with the city. The trial court heard arguments on Lake Station's motion to dismiss and denied the motion. The Court of Appeals held that the trial court erred in denying the motion to dismiss for untimely filing of the tort claim notice, but was correct in refusing to dismiss the mandate action. *Lake Station v. State ex rel. Moore Real Estate, Inc.* (1989), Ind.App., 537 N.E.2d 61. We grant transfer.

The City of Lake Station presents four issues:

I. Whether the trial court should have granted the motion to dismiss because the building commission is immune from liability while acting within its discretionary authority to deny or fail to decide upon an application;

II. Whether the trial court erred by denying the motion to dismiss when Moore failed to file notice within 180 days after the loss occurred;

III. Whether the trial court erred by denying the motion to dismiss because Moore filed this action before the city denied the claim against it, Ind. Code § 34-4-16.5-12 (West 1983); and,

IV. Whether the trial court erred by denying the motion to dismiss when Moore failed to exhaust administrative remedies before filing the action in the trial court.

■ Lake Station did not present issues I and III in its motion to dismiss. It is therefore barred from raising those issues in this interlocutory appeal. *Cf. Apple v. Kile* (1983), Ind.App., 457 N.E.2d 254, 258 (appellant who has presented his case to the trial court on a certain and definite theory not permitted to change on appeal and prevail upon another theory not previously advanced). We will consider issues II and IV on the merits. In doing so we examine only the interpretation of the Tort Claims Act and the doctrine of exhaustion of administrative remedies. We do not imply that even an outright denial of Moore's application would constitute a tort by the City of Lake Station or a taking of Moore's property. *See contra, Dept. of Natural Resources v. Indiana Coal Council, Inc.* (1989), Ind., 542 N.E.2d 1000; *Young v. City of Franklin* (1986), Ind., 494 N.E.2d 316.

*Tort Claims Notice*

■ Lake Station asserts that Moore's action is barred because it filed a notice of tort claim more than 180 days after the loss occurred, citing Ind.Code § 34–4–16.5–7.[1] Lake Station argues that the loss occurred on April 11, 1985, and that the notice was mailed on October 12, 1985. That would leave Moore in non-compliance because there are 184 days between April 11 and October 12.

Moore's attorney did admit during the hearing on the motion to dismiss that it was in non-compliance if April 11 is the day loss occurred. Moore also argued, however, that this is a case of a "continuing

wrong" because the building commission failed ever to deny, grant or even decide not to decide.

We agree with Moore. This case is not like those involving malicious prosecution, *Livingston v. Consolidated City of Indianapolis* (1979), Ind.App., 398 N.E.2d 1302, or slander, *Hedges v. Rawley* (1981), Ind. App., 419 N.E.2d 224, where the occurrence of loss is a more definite date and more easily determined. In this case, the date of loss is by no means definite or easily determined.

Recognizing the commission's decision on April 11 to table the application and research the legal sufficiency of it as the date of loss would distort the statutory term "loss" far beyond the legislature's intent in enacting Ind.Code § 34–4–16.5–7. When the building commission passed those motions on April 11, 1985, it was certainly the beginning of the building commission's nearly six months of non-decision on the request for a single dwelling building permit, yet it was surely not a date upon which a "loss occurred" so as to set running the 180–day period for filing a tort claim notice. Simply, there was no loss on April 11; there was a seemingly prudent delay for further investigation.[2] Lake Station has asserted that any loss which Moore suffered "occurred" first on April 11th. Accepting Lake Station's argument would permit government bodies to immunize themselves from tort claims simply by delaying a decision until the 180–day notice period expires. The notice provision is justified as a device providing a period for negotiation and possible settlement. It should not provide a method for evading responsibility through inaction.

If Moore suffered a compensable loss, and we do not decide that question today, it seems that the loss did not "occur" any

---

1. Ind.Code § 34–4–16.5–7 (West 1983) states in part:
"[A] claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one hundred eighty (180) days after the loss occurs."

2. The time required for ordinary zoning and building decisions has not been regarded as constituting a taking under Fifth Amendment

analysis. *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 321, 107 S.Ct. 2378, 2389, 96 L.Ed.2d 250, 268 (1987). The Fifth Amendment, of course, may not be the only basis for a property claim. Shepard, *Land Use Regulation in the Rehnquist Court: The Fifth Amendment and Judicial Intervention*, 38 Cath. U.L.Rev. 847 (1989).

earlier than the date in October 1985 when Moore's attorney first learned that the city attorney would advise the building commission that the proposed dwelling did not meet the square footage requirements. After that conversation, it appeared likely that Moore's application would be denied. Moore's attorney acted to protect his client's interests in filing a tort claim notice shortly thereafter. We conclude that Moore's notice of tort claim was filed within 180 days after the "loss occurred" as required by Ind.Code § 34–4–16.5–7.

### Exhaustion of Administrative Remedies

Lake Station asserts that the trial court erred by denying its motion to dismiss because Moore failed to exhaust available administrative remedies. Lake Station argues that the Municipal Code of the City of Lake Station provides for review of building commissioner actions. The code states, in part: "Any person adversely affected by any such ruling, action or determination by the Building Commissioner may appeal to the Building Department Review Board." Lake Station, Ind., City Code § 1355.03 (1981). Lake Station cites as authority *City of East Chicago v. Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N.E.2d 459, which holds that where an administrative remedy is provided, it must be exhausted before judicial review may be sought.

As we indicated above, we conclude that there had never been a "ruling, action or determination" which Moore could appeal to the Building Department Review Board. The doctrine of exhaustion places responsibility for administrative decisions with administrative bodies, where they belong. When a governmental entity will not act, resort to the courts is appropriate. The building commission had not acted after nearly a year; its failure to act was apparently not appealable to the Building Department Review Board. Moore's lawsuit was not barred by failing to exhaust administrative remedies, and Judge Molter was correct in denying Lake Station's motion to dismiss on these grounds.

We affirm the trial court's denial of Lake Station's motion to dismiss and remand for further proceedings.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.