Suzanne MAGNANT and Indiana Department of Public Welfare, Appellants–Respondents,

v.

Myra LANE, Appellee–Petitioner.

No. 49A02–9106–CV–252.

Court of Appeals of Indiana, Third District.

Dec. 12, 1991.

Linley E. Pearson, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Office of the Attorney, Indianapolis, for appellants-respondents.

Jamie Andree, Bloomington, Kenneth J. Falk, Indianapolis, for appellee-petitioner.

HOFFMAN, Judge:

Appellants-respondents appeal the trial court's award of attorney's fees to Myra Lane, appellee-petitioner.

The facts relevant to this appeal disclose that Myra Lane filed an application for medical assistance to the disabled (Medicaid) on December 11, 1987. Lane's application was denied by the State Medical Review Team on February 15, 1988.

Lane then filed an appeal with the Indiana Department of Public Welfare. After a hearing on March 24, 1988, the hearing officer upheld the denial of benefits. The denial of benefits was upheld by the Indiana Board of Public Welfare. There is a discrepancy in the record as to whether the Board affirmed the hearing officer's decision on July 26, 1988 or August 3, 1988.

On September 1, 1988, Lane filed her petition for judicial review.[1] Count I of Lane's petition requested judicial review. Count II of the petition was a claim for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Lane further requested an award of attorney's fees pursuant to 42 U.S.C. § 1988. On March 15, 1990, the parties filed their "Agreement of Parties" in which the judicial review action was settled. Lane was granted Medicaid benefits in this agreement.

On December 4, 1990, the trial court issued its order denying Lane's independent claim for relief under 42 U.S.C. § 1983. The trial court held that Lane should have brought her § 1983 claim in federal court. Since Lane pursued her claim in state court, the trial court held that she was limited to the relief granted under Indiana's Administrative Adjudication Act (AAA). Consequently, Lane's claim for attorney's fees was denied.

Lane filed a motion to correct error on January 2, 1991. Subsequently on February 19, 1991, the trial court granted Lane's motion to correct error following the decision in *Stevens v. Dept. of Public Welfare* (1991), Ind.App., 566 N.E.2d 544, *trans. denied* (Dec. 5, 1991). Therefore, Lane was awarded $8,592.00 in attorney's fees.

■ The appellants, Indiana Department of Public Welfare and Suzanne Magnant, will be referred to collectively as Magnant, since Magnant is the only defendant to the 42 U.S.C. § 1983 claim.[2]

Magnant raises one issue for review: whether the judicial review provisions of the AAA, IND.CODE § 4–21.5–5–1, *et seq.*, are still the exclusive remedy for judicial review of decisions made by Indiana's administrative agencies, thus prohibiting an action under 42 U.S.C. § 1983 (§ 1983) and an award of attorney's fees under 42 U.S.C. § 1988 (§ 1988).

Magnant argues that Lane was limited to her action for judicial review and was prohibited from maintaining an action under § 1983; therefore, Magnant claims it was error for the trial court to award attorney's fees under § 1988.[3]

1. IND.CODE § 4–21.5–5–4 (1988 Ed.) requires a petition for judicial review to be filed within 30 days after the Indiana Board of Public Welfare renders its decision. Clearly, if the decision was rendered on July 26, 1988, Lane's petition for judicial review was not timely filed. This remains so with the addition of three days for service of the notice by mail. (Ind.Trial Rule 6(E)) However, if the notice was mailed on August 3, 1988, Lane's petition was timely filed. Since the State did not raise an objection to Lane's petition being untimely filed, this Court will assume that Lane's petition was timely filed.

2. The Indiana Department of Public Welfare is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Department of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45. Magnant is sued only in her official capacity as the Administrator of the Indiana Department of Public Welfare.

3. Magnant does not dispute that Lane may be entitled to an award of attorney's fees because of a favorable decision or settlement on a non-fee claim even though the trial court did not issue a ruling on the § 1983 claim. Nor does she dispute Lane's underlying claim that her federal statutory rights were violated. The only

The trial court followed the recent decision of the Court of Appeals, *Stevens, supra,* in which the Court allowed Stevens to pursue a § 1983 claim in state court along with her petition for judicial review under the AAA. Stevens was a recipient of Medicaid. She had been placed originally in an Intermediate Care Facility for the Mentally Retarded (ICF/MR). However, she was temporarily moved to an Intermediate Care Facility (ICF). Later, she was evaluated to return to an ICF/MR. As there was not an opening in an ICF/MR, Stevens remained in the ICF. However, Medicaid refused to pay for her stay in the ICF. Stevens exhausted her administrative remedies under the AAA to no avail, then filed a timely petition for judicial review.

Although there were other issues present in *Stevens* which are not relevant to this appeal and, therefore, will not be discussed, the State did request the Court to find that injunctive and declaratory relief under § 1983 was not an appropriate form of relief in a judicial review claim. The State pointed to *New Trend B. Sch. v. Beauty Cult. Exam.* (1988), Ind.App., 518 N.E.2d 1101 in support of its argument. The Court in *New Trend* dismissed New Trend's complaint, which among other theories, had alleged violations of § 1983, for failure to exhaust its administrative remedies. The *Stevens* court factually distinguished *New Trend,* since Stevens had exhausted her administrative remedies. The Court then held that Stevens was entitled to bring a separate claim under § 1983 along with her petition for judicial review under the AAA.

■ Magnant asks this Court not to follow the *Stevens* decision on the grounds that the *Stevens* court gave "scant consideration" to the issue it was deciding. However, this Court must disagree with Magnant's assertion. The *Stevens* decision to allow a separate claim for a § 1983 claim is persuasive and will be followed.

Both parties ask this Court to review prior decisions by the Court in which the

issue raised by Magnant and considered by this Court is whether the trial court had the power

plaintiffs were not permitted to file a separate claim under § 1983. Magnant claims that this Court, like the *Stevens* court, would be ignoring judicial precedent to allow a separate § 1983 claim. Lane, on the other hand, requests this Court to explicitly overrule these cases so that the State may not rely on them in the future. However, these cases are all factually distinguishable from this case. *May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546 (plaintiff failed to timely file a petition for judicial review); *Warram v. Stanton* (1981), Ind.App., 415 N.E.2d 114 (plaintiff failed to timely file a petition for judicial review); *State ex rel. Basham v. Med. Licensing Bd.* (1983), Ind. App., 451 N.E.2d 691 (plaintiff failed to exhaust administrative remedies); *Thompson v. Medical Licensing Bd.* (1979), 180 Ind.App. 333, 389 N.E.2d 43 (plaintiff failed to exhaust administrative remedies). Due to obvious factual differences, this Court is not ignoring precedent. Lane exhausted her administrative remedies and timely filed a petition for judicial review.

■ The trial court, therefore, correctly allowed Lane's separate § 1983 claim. To disallow an award of attorney's fees under § 1988 in conjunction with a § 1983 action, as Magnant requests, would cause a different outcome for Lane depending on whether she sued in state court or federal court, since she would be permitted to pursue attorney's fees in federal court. In *Werblo v. Hamilton Heights School Corp.* (1989), Ind., 537 N.E.2d 499, the Court relied on the United States Supreme Court case of *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123, which discussed the preemption of § 1983 over state statutes and the necessary avoidance of outcome-determinative effects in state court actions.

Werblo, a school teacher, was fired by Hamilton Heights for insubordination. Werblo brought a three-count complaint in state court alleging § 1983 violations and breach of contract. The trial court dismissed Werblo's § 1983 claim for failure to

to entertain Lane's § 1983 action.

comply with the Indiana Tort Claims Act. The Court of Appeals affirmed, finding that claims under § 1983 were subject to the notice provisions of the Indiana Tort Claims Act, IND.CODE § 34–4–16.5–1, *et seq.*

The Indiana Supreme Court vacated the Court of Appeals decision based on *Felder, supra.* Felder had filed a § 1983 claim in Wisconsin state court against a city and its police officers for injuries suffered during an arrest. The Wisconsin court dismissed Felder's claim for failure to comply with the state's notice of claim statute. However, the United States Supreme Court held that § 1983 preempted the application of Wisconsin's notice provisions in its tort claims act. The Court explained that the enforcement of the state statute stood as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress for two reasons. First, the statute placed a burden on plaintiffs contradictory to the aims of the federal civil rights law by forcing plaintiffs who sought redress under § 1983 to comply with a requirement absent from § 1983 litigation in federal courts. Second, enforcement of the state statute would produce a different outcome depending on whether the plaintiff sued in federal court and, therefore, avoided the state statute, or whether the plaintiff sued in state court and was thereby prevented from pursuing a claim under § 1983 because of the state statute. *Id.* at 141, 108 S.Ct. at 2308; *Werblo, supra,* at 501. The Court wrote: " 'States may not apply such an outcome-determinative law when entertaining substantive federal rights in their courts.' " *Id.* Based on that decision, the *Werblo* court held that the plaintiff could pursue her § 1983 claim in Indiana's court although she had not complied with the notice provisions of the Indiana Tort Claims Act.

Magnant argues that this case is distinguishable since there is not an outcome-determinative effect. If Lane had sued in federal court, she would be entitled to pursue an award of attorney's fees under § 1988 in connection with her § 1983 suit. Contrary to Magnant's argument, this is an outcome-determinative effect.

Lane was entitled to her separate claim under § 1983 and to pursue attorney's fees pursuant to § 1988 in state court. The trial court's award of attorney's fees is affirmed.

Affirmed.

GARRARD and BUCHANAN, JJ., concur.